```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PATRICIA E. SEPULVEDA; RALPH
SEPULVEDA, SR.,

                Plaintiffs,

vs.                            Case No.   2:05-cv-231-FtM-33SPC

FAMILY HEALTH CENTERS OF SOUTHWEST
FLORIDA, INC.; KATHLEEN ELLEN MAHAN;
UNITED STATES OF AMERICA,

                Defendants.
_____

## ORDER

This matter comes before the Court on Motion of the United States of America for Order Dismissing the Defendants, Family Health Centers of Southwest Florida, Inc., and Kathleen Ellen Mahan, A.R.N.P., and Substituting the United States of America as Defendant with Respect to Claims Asserted Against the Dismissed Defendants, and Supporting Memorandum of Law (Doc. #14) filed on August 15, 2005.  The Plaintiffs have not filed a response.

### I. Background

Alleging negligence and violations of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, Patricia and Ralph Sepulveda bring claims against Family Health Centers of Southwest Florida, Inc. (Center), Kathleen Mahan, and the United States of America (USA).  Pursuant to portions of the FTCA and 42 U.S.C. § 233, the USA moves the Court to dismiss the Center and Mahan and

substitute the USA as party defendant in the claims against the Center and Mahan.

## II. Analysis

Pursuant to 42 U.S.C. § 233(a):

> The remedy against the United States provided by sections 1346(b) and 2672 of title 28, . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment[1], shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

Continuing, 42 U.S.C. 233(g)(1) goes on to define a Public Health Service employee as "an entity [—public or non-profit private receiving Federal Funds under section 330 [42 USCS § 254(b)]—] . . . and any officer, governing board member, employee ... of such

---

[1] 28 U.S.C. § 2679(d)(1) provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

In 28 C.F.R. § 15.4, the regulations inform us that the Attorney General has entrusted the United States Attorney to make certification decisions. Accepting this authority, Mr. Perez, certifies that Mahan was working within the scope of her employment at all relevant times incident to the alleged violations.

entity who is deemed to be an employee of the Public Health Service . . . ."  In exhibit A, Mr. Perez confirms that the Center is an entity receiving federal funds pursuant to 42 U.S.C. § 254(b). (Doc. #14, exhibit A).  Further, Mr. Perez verifies two additional facts: (1) that the Department of Health and Human Services has deemed the Center eligible for FTCA coverage; and (2) the Secretary of Health and Human Services has deemed Mahan a Public Health Service employee. (Doc. #14, exhibit A).  Thus, both the Center and Mahan meet the statutory requirements —entity receiving funds under section 330 and employee of such an entity, respectively, and both have been deemed employees.  This, coupled with Mr. Perez's certification,[2] establishes that Plaintiff's remedy is exclusive to the USA.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The United States of America's Motion for Order Dismissing the Defendants, Family Health Centers of Southwest Florida, Inc., and Kathleen Ellen Mahan, A.R.N.P., and Substituting the United States of America as Defendant with Respect to Claims Asserted Against the

---

[2] The Court recognizes that Mr. Perez's scope of employment certification is not conclusory as to whether Mahan was indeed working within the scope of employment at the time of the alleged violations.  See generally Gutierrez de Martinez v. Lamagno, 515 U.S. 417 (1995).  However, after reviewing the pleadings and in light of the fact that the Plaintiffs have not objected, the Court is comfortable accepting the certification.

Dismissed Defendants, and Supporting Memorandum of Law (Doc. #14) is GRANTED.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>19th</u> day of October, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record